984 So.2d 883 (2008)
Brian J. MULLER, Sue B. Muller & Joseph A. Slusarski
v.
CARRIER CORPORATION & Transportation Refrigeration Service, LLC.
No. 07-CA-770.
Court of Appeal of Louisiana, Fifth Circuit.
April 15, 2008.
Gerald J. Calogero, Calogero Law Firm, P.L.L.C., New Orleans, Louisiana, for Plaintiff/Appellant.
Joseph M. Guillot, Christovich & Kearney, L.L.P., New Orleans, Louisiana, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and CLARENCE E. McMANUS.
THOMAS F. DALEY, Judge.
Defendant, Carrier Corporation, was granted summary judgment on the plaintiff's product liability claim, dismissing it with prejudice. Plaintiffs appeal.
In September of 2003, plaintiffs purchased a new truck and a refrigeration unit for use in their seafood business. The cab command, which was manufactured by defendant, Carrier Corporation, and ran the refrigeration unit, was purchased at the same time and installed by TRS. The briefs and record reveal that the refrigeration and cab command worked fine for about 6 weeks until the cab command allegedly fell apart while plaintiffs were on a trip to Illinois with 3000 lbs. of frozen shrimp to sell at a Turkey Festival, October 10-11, 2003.
Plaintiffs filed suit against Carrier Corporation, the manufacturer, under the Louisiana Products Liability Act (LPLA), specifically alleging that the product, the cab command, was unreasonably dangerous in construction or composition pursuant to LSA-R.S. 9:2800.55.
Defendant filed a Motion for Summary Judgment, arguing that plaintiffs had failed to produce any evidence that the product was defective in composition or construction. Plaintiffs filed an Opposition. Following a hearing, the trial court granted defendant's Motion for Summary Judgment. Plaintiffs filed this timely appeal.
Summary judgment will be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). The party bringing the motion bears the burden of proof; however, where the moving party *885 will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim. LSA-C.C.P. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to show that he will be able to meet his evidentiary burden of proof at trial, no issue of material fact exists and the moving party is entitled to summary judgment. Id. Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Pizani v. Progressive Ins. Co., 98-225 (La.App. 5 Cir. 9/16/98), 719 So.2d 1086. The decision as to the propriety of a grant of a Motion for Summary Judgment must be made with reference to the substantive law applicable to the case. Sun Belt Constructors, a Div. of MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350 (La.App. 5 Cir. 1988).
The substantive law applicable to this case is:
§ 2800.54. Manufacturer responsibility and burden of proof
A. The manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity.
B. A product is unreasonably dangerous if and only if:
(1) The product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55;
(2) The product is unreasonably dangerous in design as provided in R.S. 9:2800.56;
(3) The product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57; or
(4) The product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58.
C. The characteristic of the product that renders it unreasonably dangerous under R.S. 9:2800.55 must exist at the time the product left the control of its manufacturer. The characteristic of the product that renders it unreasonably dangerous under R.S. 9:2800.56 or 9:2800.57 must exist at the time the product left the control of its manufacturer or result from a reasonably anticipated alteration or modification of the product.
D. The claimant has the burden of proving the elements of Subsections A, B and C of this Section. (Emphasis added.)
§ 2800.55. Unreasonably dangerous in construction or composition
A product is unreasonably dangerous in construction or composition if, at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer.
A claimant must demonstrate not only the manufacturer's specifications or performance standards for the particular product, but also how the product materially deviated from those standards so as to render it "unreasonably dangerous." Jenkins v. International Paper Co., 41,566 (La.App. 2 Cir. 11/15/06), 945 So.2d 144. Inference of the existence of a vice or *886 defect in a product is not allowed merely on the basis of the fact that an accident occurs. Jaeger v. Automotive Cas. Ins. Co., 95-2448 (La.App. 4 Cir. 10/9/96), 682 So.2d 292.
In filing the Motion for Summary Judgment, Carrier alleged that discovery had been conducted, and the only evidence of a defect in composition or construction that plaintiffs had produced so far was that an "accident" occurred. The alleged accident occurred when Mr. Muller went to turn the refrigeration on, poked his finger at the faceplate, which then fell off and could not be reattached, rendering the refrigeration unusable and leading to the spoiling of the shrimp. This "accident" was unwitnessed.
Defendant supported its motion with the Affidavit of Mr. Zimpfer, who attempted to repair the truck in Illinois. Mr. Zimpfer attested that he was a refrigeration technician who personally serviced the plaintiffs' truck and cab command for repairs after it broke. He attested that he had never seen a cab command in pieces like this. He said that the cab command looked like it had been kicked or forcefully hit by someone or something. He also attested that the co-driver of the truck told him that the driver had kicked the cab command unit with his leg while getting into the truck, which broke the cab command. He had never seen a cab command controller broken into pieces and with the electrical plug cracked. Mr. Zimpfer opined that the cab command was not defective in any manner, nor did he feel it was defective in either manufacture or design.[1]
As defendants without the burden of proof at trial, defendants came forward alleging that plaintiffs had failed to present any evidence that the cab command deviated in a material way from the manufacturer's specifications or industry performance standards. Under LSA-C.C.P. art. 966, plaintiffs had to come up with some evidence that the cab command deviated at the time it left the manufacturer, and according to defendant, the fact it broke, which is all plaintiff has shown, is not enough to prove liability under the product liability act. Nor is it enough, they argue, that the plaintiffs produced evidence that this product's usual life span is 5-7 years.
Plaintiffs cite Johnson v. Black and Decker, 701 So.2d 1360 (La.App. 2 Cir. 10/31/97), for the proposition that the life-span of a product is routinely addressed, and is relevant, in products liability litigation. This case, however, was a design case, and, moreover, does not apply to these facts. The "life-span" argument was made when examining the risk/utility of alternative designs that might have been available. Johnson does not support plaintiffs' legal theory that if a product fails to live up to its expected lifespan, it is unreasonably dangerous in composition or construction.
Plaintiff also argues that expert testimony is not needed to establish a material deviation, only facts. They rely upon Coulon v. Wal-Mart Stores, Inc., 98-1141 (La.App. 1 Cir. 5/14/99), 734 So.2d 916. That case concerned the negligent assembly of a bicycle. The issue of expert testimony was not addressed. A review of the jurisprudence shows that, in product liability *887 cases, both plaintiffs and defendants may choose to use expert witnesses or not, depending on the characteristics of the allegedly defective product and their burdens of proof.[2]
We find that the trial judge correctly granted summary judgment in favor of defendant. Plaintiffs failed to present evidence that the cab control unit was unreasonably dangerous. The fact that the unit broke within its expected life span is insufficient legal proof to support their theory of recovery. Hence, plaintiffs did not carry their burden of proof in opposing the defendant's Motion for Summary Judgment. The judgment is affirmed.
AFFIRMED.
NOTES
[1] Defendant also attached the Affidavit of David Goodhew, a field service engineering manager with Carrier, who attested that since 1999, Carrier had manufactured 1641 cab command controllers of the plaintiffs' model, and that in that time, Carrier had received only one complaint regarding the cab command falling apart, and that complaint was plaintiff Sue Muller's, and that Carrier Corporation had received no other complaints that the cab command fell apart when the keypad was touched.
[2] If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise. LSA-C.E. art. 702.