Judge EDWIN A. LOMBARD.
It The Appellants, Luz Caceres and Lastenia Escobar, seek review of the February 7, 2014 judgment of the district court denying their motion for new trial. Finding that the judgment of the district court is not manifestly erroneous, we affirm.
In May 2012, the Appellants, who are Mississippi residents, were allegedly injured as a result of being involved in hit and run car accident in Orleans Parish. At the time of the accident, Ms. Escobar was driving a vehicle owned by Ms. Ca-ceres, who was riding as a passenger. Ms. Caceres’? vehicle was insured by United Automobile Insurance Company (“UAIC”), the Appellee. The Appellants were unable to locate the vehicle they were allegedly struck by and subsequently filed an insurance claim with UAIC seeking coverage under the uninsured/underinsured portion of Ms. Caceres’ policy.
After UAIC denied their claims, the Appellants filed suit against UAIC on January 29, 2013. UAIC answered the suit and subsequently filed a motion for summary judgment asserting that the terms of uninsured policy provisions excluded coverage for the accident and that the alleged phantom vehicle does not 12meet the definition of an uninsured/underinsured vehicle under the policy. UAIC further asserted that because Ms. Caceres is a Mississippi resident, who purchased her insurance policy in Mississippi from a Mississippi insurer, that Mississippi’s insurance contract laws should be applied by the district court in making its determination. At the January 10, 2014 hearing, the district court determined that Mississippi law was applicable and granted the motion.[1]
On January 30, 2014, the Appellants filed a motion for new trial asserting that the secretary of their attorneys, Cristian P. Silva and Maria P. Vargas, failed to calendar the rule to show cause for the motion for summary judgment hearing; thus, neither of the attorneys appeared at the show cause hearing. They also argued that their attorneys failed to file an opposition to the motion for summary judgment. The district court denied the motion for new trial on February 7, 2014[2] and this *586 timely appeal followed. The sole assignment of error raised by the Appellants is that the district court abused its discretion in denying their motion for new trial pursuant to La.Code Civ. Proc. art. 1978.
The appellate standard of review of the ruling on a motion for new trial is whether the trial court abused its discretion. Jackson v. Bally’s Louisiana, Inc., 09-1574, p. 4 (La.App. 4 Cir. 4/7/10), 36 So.Sd 1001, 1004. “Where one or more legal errors interdict the trial court’s fact-finding process, however, the manifest error standard becomes inapplicable, and the appellate court must conduct its own de novo review of the record.” Hamp’s Const., L.L.C. v. Hous. Auth. of New Orleans, 10-0816, p. 3 (La.App. 4 Cir. 12/1/10), 52 So.3d 970, 973 (citation omitted).
New Trial
The Appellants argue that the district court erred in denying their motion for new trial under La.Code Civ. Proc. art. 1973, which provides that a new trial may be granted in any case if there is good ground therefor, except as provided by law. The Appellants argue that La.Code Civ. Proc. art. 1973 necessitates an examination of the facts and circumstances of the individual case. "When the trial judge is convinced by his examination of the facts that the judgment would result in a miscarriage of justice, a new trial should be ordered. Hardy v. Kidder, 292 So.2d 575, 579 (La.1973).
Recognizing that although our jurisprudence holds that trial courts have discretion regarding the determination whether to grant a new trial, the Appellants aver that our court has the authority to set aside the ruling of the trial judge in a case of manifest abuse. La.Code Civ. Proc. art. 1971 comment (d); DeFrances v. Gauthier, 220 La. 145, 150, 55 So.2d 896, 897 (1951). The Appellants further argue that the Louisiana Supreme Court has consistently emphasized the need for the reviewing court to exercise particular caution when examining the circumstances underlying judgments that summarily deny the opportunity for a decision on the merits in an action due to the inherent injustice that can be affected if the litigant is not responsible for the failure. Hardy, 292 So.2d at 575; Lamb v. Lamb, 430 So.2d 51, 53-54 (La.1983).
The Appellants argue that a new trial is required because their case was summarily dismissed as a result of their attorneys’ failure to file an opposition brief 14to the UAIC’s motion for summary judgment and failure to appear at the summary judgment hearing. The Appellants argue that they should not be punished for their attorneys’ failure to submit an opposition brief or appear in court. As a result of their attorneys’ actions, they allege that they were denied their opportunity to have their case heard on the merits.
Moreover, they aver that their attorneys had a legitimate excuse for not submitting an opposition brief and appearing at the hearing. Their attorneys’ secretary, they contend, made an honest mistake as evidenced by the fact that said secretary had previously received notices of hearings and rules from the district court through either citation notices or post-card type notices issued specifically for the purpose of apprising the parties of the court date. They aver that the secretary’s failure to calendar the rule was excusable given her prior experiences with the district court. There was no indication that the documents received at their attorneys’ office came directly from the district court. They argue, the district court’s failure to grant a new trial was an abuse of discretion because *587 their attorneys’ neglect was unfairly imputed to them; thus, they were denied the opportunity to refute UAIC’s allegations and present the merits of their case.
The Appellants principally rely upon three cases wherein La.Code Civ. Proc. art. 1978 was applied to grant a mistrial: Hardy, supra; Lamb, supra; and Smith v. Alliance Compressors, 05-855 (La.App. 3 Cir. 02/01/06), 922 So.2d 674.
In Hardy, the Appellants argue that the Louisiana Supreme Court held that good grounds existed under La.Code Civ. Proc. art. 1978 for the granting of a new trial where a defendant’s attorney was solely at fault in failing to provide an answer to the plaintiffs petition and failing to present an available and absolute defense on the litigant’s behalf. A default judgment was entered against a defendant, whose | Sdebts had been discharged in bankruptcy shortly after the plaintiffs suit was filed, in a personal injury suit. When the defendant’s motion for a new trial was denied, he appealed to the Third Circuit, which affirmed the judgment of the district court. Hardy, 292 So.2d at 576-579.
On rehearing, the Louisiana Supreme Court reasoned that the lower court abused its discretion in failing to grant a new trial because a judgment should not stand where the record showed that there was an absolute defense that was not pleaded due to the neglect of the defendant’s counsel. The Louisiana Supreme Court explained that a judgment that is substantively erroneous should not be allowed to stand as a result of a “violation of a technical pleading rule which results from counsel’s neglect rather than from the client’s fault.” In its analysis, the Court stated that the modern trend of the jurisprudence is to render justice upon the merits of the controversy, rather than defeat justice upon technicalities. The Appellants aver that the Supreme Court found that the district court had abused its discretion by not granting a new trial under La.Code Civ. Proc. art. 1973. Id. at 578-580.
Moreover, in Lamb, the Appellants’ argue that the Louisiana Supreme Court recognized that a default judgment entered because the litigant’s former attorney failed to file an answer constituted a miscarriage of justice that should be corrected with a new trial. The defendant’s attorney had failed to submit an answer to plaintiffs petition. The attorneys for the parties attempted to settle the dispute over several months. When those negotiations failed, the defendant fired her attorney; however, the defendant was not aware that her former attorney had not yet filed an answer to plaintiffs petition. The plaintiffs attorney sought and obtained a default judgment against the defendant, without providing notice to the defendant of his |fiintention to take a default judgment. When defendant’s new attorney found out that a default judgment had been entered against his client, he filed a motion for a new trial, which was subsequently denied. Lamb, 430 So.2d at 51-53.
On appeal, the Louisiana Supreme Court reversed the lower court’s denial on the basis that the defendant should not have been denied the opportunity to defend her case on the merits where the failure to plead the defense was the result of her attorney’s neglect. The Louisiana Supreme Court further noted that the defendant had no knowledge that the plaintiffs petition had not been answered, nor was she provided with prior notice by plaintiffs counsel of his intention to take a default judgment, even though plaintiffs counsel was aware that the defendant had fired her attorney. The Court held that with respect to cases wherein a timely motion for a new trial is denied after proper con *588 firmation of a default judgment, courts have been particularly cautious in examining the circumstances underlying the judgment due to the general policy consideration, weighing in the defendant’s favor, that every litigant should be allowed his day in court. As a result, the Court reasoned that a miscarriage of justice would result by depriving the defendant of the opportunity to defend her case on the merits all the while she had been victimized by the neglect of her attorney, and the overzealous actions of plaintiffs counsel; to allow this judgment to stand would be to permit technical pleading rules to triumph over actual justice. Thus, the Appellants aver, the Louisiana Supreme Court held that failure to grant a new trial under La.Code Civ. Proc. art. 1973, was an abuse of discretion. Id. at 53-54.
In Smith, the plaintiff filed a worker’s compensation claim against her employer for injuries she suffered while in the course and scope of her employment. The defendant filed a motion for summary judgment and the motion |7was set for hearing. On the date of the hearing, the plaintiff realized that her attorney had failed to submit an opposition brief or any documentation opposing the defendant’s motion for summary judgment. Ultimately, the district court granted summary judgment in favor of the defendant and dismissed the plaintiffs suit with prejudice. The plaintiff retained a new attorney, who filed a motion for new trial alleging that her former counsel’s neglect in failing to provide a defense to the defendant’s motion for summary judgment should not be imputed to her. The request for a new trial was denied. Smith, 05-855, pp. 2-4, 922 So.2d at 676-678.
Reversing the district court, the Third Circuit held that the district court abused its discretion in failing to grant a new trial to the plaintiff on discretionary grounds under La.Code Civ. Proc. art. 1973. Id., 05-855, p. 9, 922 So.2d at 680. The Court applied the holdings of Hardy and Lamb reasoning that a proper application of La. Code Civ. Proc. art. 1973 necessitates a careful examination of the facts and circumstances of each case to prevent the miscarriage of justice when a party is prejudiced by their attorney’s error. Id., OS-855, pp. 9-10, 922 So.2d at 680-681. The Third Circuit, the Appellants contend, determined that it would be unjust to allow a judgment resulting in the dismissal of an action to stand in a case in which reasonable reliance by a party upon a neglectful attorney caused, or contributed to, the resulting decision. Id., 05-855, p. 13, 922 So.2d at 682.
The Appellants aver that similar to the appellants in the Lamb, Hardy and Smith cases, they were unfairly prejudiced through no fault of their own. The district court’s decision to deny a new trial on these facts would result in a miscarriage of justice because they were denied the opportunity to present their case on the merits. The district court’s failure to grant a new trial was an abuse of discretion they aver, which they argue, merits the reversal of the judgment at issue.
Rln response, UAIC argues that the district court did not err in denying the Appellants’ motion for new trial because they did not present evidence to the district court that warranted granting a motion for new trial on either peremptory or discretionary grounds. The district court explained in both of its judgments that there was no basis to grant the motion for new trial under either La. Civ.Code Proc. arts. 1972 or 1973. Thus, UAIC avers that that judgment is not clearly contrary to the law and evidence as there was no offer of newly discovered evidence proffered warranting a new trial on the motion for summary judgment.
*589 The crux of Appellants’ argument, UAIC contends, is that “good grounds” exist to warrant the granting of a new trial because the Appellants’ counsel could have offered arguments and possibly evidence at the summary judgment hearing that would have warranted the denial of the motion for summary judgment. UAIC avers that the Appellants do not address that their counsel was served on December 17, 2013, by the Sheriff, with the motion for summary judgment, memorandum in support, and the rule to show cause. The return is in the record.
UAIC further avers that the Appellants seek to place the arguments they would have made before the district court at the motion for summary judgment hearing, such as whether the district court erred in applying Mississippi law to a Louisiana tort action, before this Court on appeal. UAIC argues that the district court correctly held that the insurance contact at issue should be interpreted under Mississippi’s law as that is the state where the policy was issued to a resident of that state. UAIC avers that it briefed the choice of law issue in its brief to the district court. It further contends that the remaining issues raised by the Appellants are red herring arguments that are unrelated to the district court’s basis for granting summary judgment.
laLastly, regarding the Appellants’? argument that Ms. Caceres, the owner of the vehicle, was licensed at the time of the collision, UAIC contends that her licensure status was not a factor that merits granting the motion for new trial because she was not driving at the time of the accident. The district court, UAIC avers, reasoned that the terms of the policy at issue did not provide that Ms. Escobar, an unlicensed driver, could be considered a permissive user. The district court, therefore, did not err in determining that there was no coverage for this incident and granting summary judgment under the facts and applicable law. We agree.
In the instant matter, the Appellants argue that the district court erred in failing to grant them a new trial under La. Code Civ. Proc. art. 1973. As stated above, art. 1973 gives the district court the discretion to grant a new trial in any case if there is “good ground” therefor, except as provided by law. The “La.Code of Civ. Proc. art. 1973 allows a district court to use its discretion to order a new trial whenever it is ‘convinced by [its] examination of the facts that the judgment would result in a miscarriage of justice.’ ” Horton v. Mayeaux, 05-1704, pp. 9-10 (La.5/30/06), 931 So.2d 338, 344 (citing Lamb, 430 So.2d at 53). Courts adopt “the well-established principle that a new trial should be granted in cases where the enforcement of the judgment would be inequitable and unconscionable.” Gauthier v. Gauthier, 04-198, pp. 11-13 (La.App. 3 Cir. 11/10/04), 886 So.2d 681, 688-89, writ not considered, 04-3019 (La.2/18/05), 896 So.2d 15 (citations omitted).
The Appellants contend that they are entitled to a new trial because of their attorneys’? failure to file an opposition to UAIC’s motion for summary judgment and to make an appearance at the summary judgment hearing. Although the Appellants rely upon the Supreme Court cases of Lamb and Hardy, we find those [ ,ncases to be distinguishable. Both cases involved a district court’s grant of a default judgment and the denial of a motion for new trial due to attorney error. The Supreme Court reversed the district court in both cases finding that the district court abused its discretion in failing to grant a new trial under La.Code Civ. Proc. art. 1973. We find these cases involving the reversal of default judgments to be distinguishable from the instant matter where a motion *590 for summary judgment was granted by the district court. The Lamb Court relied upon the Supreme Court’s holding in Hardy, wherein the Court reasoned that “the modern trend of the jurisprudence is to render justice upon the merits of the controversy, rather than defeat justice upon technicalities.” Hardy, 292 So.2d at 578 (citing Succession of Robinson, 186 La. 389, 172 So. 429 (1987)). However, the granting of a default judgment against a party who failed to answer a lawsuit is the result of “technical” pleading rules whereas the granting of a motion for summary judgment is not. A motion for summary judgment, even if unopposed, requires the district court to determine that there are no genuine issues of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ. Proc. art. 966(B)(2). In the matter sub judice, the record does not evidence that technicalities were at play in the district court’s decision, which was based upon the law and the facts presented. The district court did not grant UAIC’s motion for summary judgment on the basis that it was unopposed.
Additionally, we find that the Appellants’ reliance upon the Third Circuit’s opinion in Smith is misplaced. In Smith, the Third Circuit found that the plaintiff, who appeared in court prepared to testify at the summary judgment hearing, was entitled to her day in court due to her counsel’s negligence in failing to file an opposition to the defendant’s motion for summary judgment and the potential loss | T1of her worker’s compensation benefits through no fault of her own. Smith, 05-855, pp. 9-13, 922 So.2d at 680-682. The Court further took note of the fact that the plaintiff presented facts that supported the denial of the motion for summary judgment. As Smith demonstrates, while Louisiana courts have considered circumstances where a party asserts that the conduct of an attorney has created a miscarriage of justice warranting a new trial, appellate courts “have also considered whether a new trial would likely have a different result.” Gauthier, 04198, pp. 11-s, 886 So.2d at 688-689.
In the matter sub judice, we do not find that a new trial is warranted because of the alleged oversight of the Appellants’ counsel or their secretary, nor does the record indicate that a new trial would lead to a different result. Under our manifest error review of the facts of this case, we do not find that a miscarriage of justice exists in this matter. The district court reasoned that UAIC met its burden and proved that a genuine issue of material fact did not exist as to whether the Appellants’ claims were covered under a Mississippi-issued automobile insurance policy interpreted pursuant to the laws of Mississippi. Ms. Escobar, an uninsured and unlicensed driver or user of Ms. Caceres’ vehicle, was not covered as an unlicensed permissive user under the policy at issue interpreted under Mississippi law. See Champagne v. Ward, 03-3211, p. 27 (La.1/19/05), 893 So.2d 773, 789.[3] The plain wording of *591 the exclusions of the Uninsured Motorists portion of the policy «states that “[a]ny automobile while it is being driven or operated with your permission by a person who does not possess a valid driver’s license. For the purpose of this exclusion, a suspended, revoked, or expired license is not a valid driver’s license.” Ms. Escobar was an unlicensed driver. Thus, there is no indication that a new trial would likely have a different result. As the Supreme Court recognized in Lamb, 430 So.2d at 53, every timely filed motion for new trial does not warrant the granting of a new trial because not every case involves a miscarriage of justice. Therefore, finding that the decision of the district court is not manifestly erroneous, we affirm.
DECREE
For the foregoing reasons, the judgment of the district court denying the motion for new trial of Luz Caceres and Lastenia Escobar, is affirmed.
AFFIRMED.
LANDRIEU, J., concurs in the result.

. The judgment of the district court was signed on February 6, 2014.

. The district court later amended said judgment on February 12, 2014, to make a corree *586 tion regarding the procedural history of the case.

. In Champagne, the Louisiana Supreme Court reasoned that Mississippi law applied where a Mississippi accident victim and resident brought a personal injury action against a Louisiana resident seeking underinsured motorist coverage for accident that occurred in Louisiana. The Supreme Court explained:
Under the facts of this case, we find that Mississippi has a more substantial interest in the uniform application of its laws gov-eming insurance contracts than Louisiana has in providing an insurance remedy to an out-of-state resident who was injured while transitorily within the borders of Louisiana. The application of Louisiana law to the insurance policy would result in the abrogation of a Mississippi contract. Moreover, plaintiff’s premium for UM coverage was based on the application of Mississippi law to the contract. Under a conflicts-of-laws *591 analysis, we conclude that Mississippi’s policies will be most seriously impaired if its law is not applied to the insurance policy. Champagne v. Ward, 03-3211, p. 27 (La. 1/19/05), 893 So.2d 773, 789.