DONNA TURNER AND PAUL TURNER

VERSUS

BOSLEY MEDICAL INSTITUTE, INC. AND
DR. FRANK CAMPISI

NO. 19-CA-131

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 774-458, DIVISION "O"
HONORABLE DANYELLE M. TAYLOR, JUDGE PRESIDING


October 16, 2019


**JUDE G. GRAVOIS**
**JUDGE**


Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Hans J. Liljeberg


**AFFIRMED**
    **JGG**
    **MEJ**
    **HJL**

COUNSEL FOR PLAINTIFF/APPELLANT,
DONNA TURNER AND PAUL TURNER
    Carl J. Rachal

COUNSEL FOR DEFENDANT/APPELLEE,
BOSLEY MEDICAL INSTITUTE, INC. AND DR. FRANK CAMPISI
    Stephen M. Pizzo
    Ashley R. Wilmore

**GRAVOIS, J.**

In this medical malpractice action, plaintiffs, Donna and Paul Turner, seek reversal of the trial court's October 18, 2018 judgment which granted summary judgment in favor of defendants, Dr. Frank Campisi and Bosley Medical Institute, Inc., and dismissed all claims against defendants with prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

In a petition for damages filed on July 27, 2017, plaintiffs stated that on August 3, 2016, Dr. Campisi performed a hair restoration procedure on Ms. Turner. As part of the procedure, Dr. Campisi removed and transplanted 1,771 hair follicles/grafts upon Ms. Turner's scalp. Plaintiffs alleged that Dr. Campisi failed to properly sanitize and close the wound site, and thus the wound site became infected immediately following the procedure. Additionally, in their petition, plaintiffs alleged that Dr. Campisi failed to take any corrective action to treat the infected wound. This caused the infection to worsen and forced Ms. Turner to undergo treatment for wound care.

On August 23, 2018, defendants filed a motion for summary judgment arguing that plaintiffs failed to produce expert testimony to establish a breach of the standard of care, causation, and damages. In support of their motion, defendants attached responses to discovery requests issued to plaintiffs on November 3, 2017 and answered on April 17, 2018. One interrogatory asked that plaintiffs name the expert who would testify as to the applicable standard of care and the specific breach that occurred. In response, plaintiffs stated that the request was premature since discovery was ongoing. Plaintiffs noted that their expert witness list was incomplete at that time, and no determination had been made as to which expert, if any, they intended to call. They reserved their right to supplement and amend their response at a later date. Thus, defendants argued that the record is

devoid of any evidence to establish that there was a breach of the standard of care or that any alleged breach caused injury to plaintiffs.

The record reflects that plaintiffs were served with the motion for summary judgment on September 5, 2018. Plaintiffs did not file an opposition to the motion for summary judgment.

At the hearing on the motion for summary judgment on October 9, 2018, after defendants informed the trial court that no opposition had been filed, the trial court granted the motion for summary judgment "after having received no opposition."[1] A judgment was signed on October 18, 2018 granting the motion for summary judgment and dismissing all claims against defendants with prejudice. This appeal followed.

On appeal, plaintiffs argue that the trial court erred in granting the motion for summary judgment when defendants failed to meet their burden to affirmatively prove the absence of genuine issues of material fact. Plaintiffs believe that summary judgment was granted solely because no opposition was filed by plaintiffs' counsel. They argue that no evidence was introduced into the record to support defendants' assertions by way of affidavit, deposition testimony, or certified medical records. Further, plaintiffs argue that the filing of the motion was premature. Plaintiffs note that at the time the discovery was answered, Ms. Turner had not yet completed her medical treatment related to the injury. Plaintiffs contend that they planned to hire an expert after taking Dr. Campisi's deposition, which they claim they never had the opportunity to do.

## LAW AND ANALYSIS

A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to

---

[1] In brief, plaintiffs' counsel stated that the motion for summary judgment was unopposed "due to a calendaring mistake by plaintiff's [*sic*] counsel."

material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The burden of proof rests with the mover. La. C.C.P. art. 966(D). However, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. *Id*. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id*.; *Dillenkofer v. Marrero Day Care Ctr., Inc*., 16-713 (La. App. 5 Cir. 5/24/17), 221 So.3d 279, 282. The only documents that may be filed in support or opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. C.C.P. art. 966(A)(4).

A motion for summary judgment, even if unopposed, requires the trial court to determine that there are no genuine issues of material fact and that the mover is entitled to judgment as a matter of law. *Caceres v. United Auto. Ins. Co*., 14-0418 (La. App. 4 Cir. 11/5/14), 154 So.3d 584, 590.

Appellate courts review summary judgments *de novo* using the same criteria applied by trial courts to determine whether summary judgment is appropriate. *Pizani v. Progressive Ins. Co*., 98-225 (La. App. 5 Cir. 9/16/98), 719 So.2d 1086, 1087. A *de novo* review or an appeal *de novo* is an appeal in which the appellate court uses the trial court's record, but reviews the evidence and law without deference to the trial court's rulings. *Sarasino v. State Through Department of Public Safety and Corrections*, 16-408 (La. App. 5 Cir. 3/15/17), 215 So.3d 923, 928. The decision as to the propriety of a grant of a motion for summary judgment

must be made with reference to the substantive law applicable to the case. *Muller v. Carrier Corp.*, 07-770 (La. App. 5 Cir. 4/15/08), 984 So.2d 883, 885.

In a medical malpractice action, such as the present case, a plaintiff must prove, by a preponderance of the evidence: (1) the standard of care applicable to the defendant; (2) that the defendant breached that standard of care; and (3) that there was a causal connection between the breach and the resulting injury. La. R.S. 9:2794. Because of the complex medical and factual issues involved, a plaintiff will likely fail to sustain his burden of proving his claim under La. R.S. 9:2794's requirements without medical experts. *Pfiffner v. Correa, M.D.*, 94-0924 (La. 10/17/94), 643 So.2d 1228. Only in cases of obvious negligence, where the trier of fact does not need an expert to assess the standard of care, breach, and causation, is expert testimony unnecessary. *Hastings v. Baton Rouge General Hosp.*, 498 So.2d 713, 719 (La. 1986).

In the present case, plaintiffs argue that defendants failed to meet their burden to affirmatively prove the absence of genuine issues of material fact and failed to provide supporting evidence such as medical records, an affidavit, or deposition testimony.

In *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880, the defendant filed a motion for summary judgment in a medical malpractice case, contending that the plaintiffs lacked the expert medical testimony necessary to support their claims against him. In support of his motion, the defendant attached a certified copy of the medical review panel opinion in which the panel found no deviation from the standard of care; an affidavit of correction to the panel opinion by the attorney chair of the medical review panel; and a copy of the plaintiffs' answers to interrogatories and a request for production of documents. The trial court granted the motion for summary judgment. *Id.* at 881. The court of appeal reversed the trial court ruling and found that the defendant did not properly support his motion

for summary judgment with either an affidavit or deposition from an expert medical provider to prove that his medical treatment was not below the applicable standard of care. *Id*. at 881-82. The court found that without this evidence, the defendant could not meet his initial burden of showing that he was entitled to summary judgment as a matter of law. *Id*. at 882.

The Louisiana Supreme Court disagreed and reversed the ruling of the court of appeal. It found that the defendant did not bear the burden of proof at trial on the issue of whether he committed medical malpractice, and thus he was under no burden to present expert medical testimony. *Id*. at 887. The court found that the defendant only had the burden of raising as the basis of his motion that plaintiffs could not support their claim, and he did so by filing the motion and attaching the plaintiffs' discovery responses. Once the plaintiffs' lack of proof was claimed and supported by the plaintiffs' answers to interrogatories, the burden shifted to the plaintiffs to produce evidence sufficient to establish that they would be able to satisfy their burden at trial. *Id*. at 887-88.

In the present case, defendants filed their motion for summary judgment, claiming that plaintiffs failed to produce expert testimony to establish a breach of the standard of care, causation, and damages. In support of their motion, they attached plaintiffs' answers to interrogatories and requests for production. In the answers to interrogatories, plaintiffs stated that no determination had been made as to which expert witnesses, if any, they intended to call. Therefore, upon our *de novo* review, we find that defendants satisfied their initial burden on summary judgment by filing the motion for summary judgment on the basis that plaintiffs could not support their claim and attaching thereto the corresponding discovery responses. The burden then shifted to plaintiffs to produce evidence sufficient to establish that they would be able to satisfy their evidentiary burden of proof at trial.

As shown above, plaintiffs failed to produce evidence sufficient to establish that they would be able to satisfy their evidentiary burden of proof at trial.

Plaintiffs also argue on appeal that the motion was premature, and they did not have adequate time for discovery. A defendant's motion for summary judgment may be made at any time. La. C.C.P. art. 966(A)(1). The trial court has the discretion to render summary judgment, if appropriate, or to allow further discovery. *Sibert v. National Oilwell Varco, L.P.*, 48,789 (La. App. 2 Cir. 2/26/14), 136 So.3d 283, 291. The parties must be given the opportunity to conduct "adequate discovery" to present their claims. *Id.*; La. C.C.P. art. 966(A)(3). However, there is no absolute right to delay action on a motion for summary judgment until discovery is complete. *Flowers v. Wal-Mart Stores, Inc.*, 12-140 (La. App. 5 Cir. 7/31/12), 99 So.3d 696, 702. The only requirement is that the parties be given a fair opportunity to present their claims, and unless a plaintiff shows probable injustice, a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of material fact. *Johnson v. Littleton*, 45,323 (La. App. 2 Cir. 5/19/10), 37 So.3d 542, 548. The mere contention of an opponent that he lacks sufficient information to defend a summary judgment motion and that he needs additional time to conduct discovery is insufficient to defeat the motion. *Williams v. A Day to Remember Invitations, L.L.C.*, 06-757 (La. App. 5 Cir. 3/13/07), 956 So.2d 30, 33.

In the present case, the record is devoid of any request by plaintiffs seeking additional time to conduct discovery. At the time the motion for summary judgment was filed, over two years had elapsed since the alleged incident occurred and over one year had elapsed since suit was filed. There is no indication in the record that plaintiffs attempted to conduct discovery since both the suit and the motion for summary judgment were filed.

Based upon our *de novo* review of the record, plaintiffs failed to establish that they will be able to satisfy their evidentiary burden of proof at trial. Therefore, defendants are entitled to judgment as a matter of law.

## CONCLUSION

For the forgoing reasons, we affirm the trial court's judgment which granted summary judgment in favor of defendants, Dr. Frank Campisi and Bosley Medical Institute, Inc., and dismissed all claims against defendants with prejudice.

## AFFIRMED

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

MARY E. LEGNON
INTERIM CLERK OF COURT

CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**OCTOBER 16, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

_____
MARY E. LEGNON
INTERIM CLERK OF COURT

# 19-CA-131

## E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DANYELLE M. TAYLOR (DISTRICT JUDGE)
ASHLEY R. WILMORE (APPELLEE)

## MAILED

CARL J. RACHAL (APPELLANT)
ATTORNEY AT LAW
103 TIMBERLAND RIDGE BOULEVARD
LAFAYETTE, LA 70507

STEPHEN M. PIZZO (APPELLEE)
ATTORNEY AT LAW
3421 NORTH CAUSEWAY BOULEVARD
SUITE 900
METAIRIE, LA 70002