SHONDA CLARK        *       NO. 2024-CA-0397

VERSUS        *

       COURT OF APPEAL

PREMIER AUTOMOTIVE        *

MANAGEMENT, LLC AND        FOURTH CIRCUIT

FEDERATED INSURANCE        *

FOUNDATION, INC.        STATE OF LOUISIANA

       * * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-02691, DIVISION "I-14"
Honorable Lori Jupiter, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge
Monique G. Morial)

Salvador I. Bivalacqua
Robert J. Ellis, Jr.
GRIFFIN & BIVALACQUA LLC
650 Poydras Street
Suite 2615
New Orleans, LA 70130


     COUNSEL FOR PLAINTIFF/APPELLANT


Chad A. Sullivan
Cole C. Frazier
KEOGH, COX & WILSON, LTD.
701 Main Street
P. O. Box 1151
Baton Rouge, LA 70821

     COUNSEL FOR DEFENDANT/APPELLEE

                   **AFFIRMED**
                   **FEBRUARY 10, 2025**

*TGC*
*PAB*
*MGM*

Plaintiff/Appellant, Shonda Clark (hereinafter "Ms. Clark"), seeks review of the trial court's January 9, 2024 judgment granting a motion for summary judgment filed by Defendants/Appellees, Premier Automotive Management, LLC and Federated Mutual Insurance Company, and the March 20, 2024 judgment denying Ms. Clark's motion for new trial. After consideration of the record before this Court and the applicable law, we affirm both judgments.

**Facts and Procedural History**

On March 28, 2022, Ms. Clark filed a petition for damages naming Premier Automotive Management, LLC and Federated Mutual Insurance Company (hereinafter collectively "Premier Automotive") as defendants. The petition maintains that Ms. Clark slipped and fell in a puddle of water in a service garage owned and operated by Premier Automotive.[1] According to Ms. Clark's petition, Premier Automotive is liable for failing to maintain a safe environment, failing to warn clients of unsafe conditions and failing to identify and mark the area as a danger or hazard.

_____

[1] As a result of her fall, Ms. Clark contends she suffered injuries to her neck, right shoulder and arm, lower back and left ankle.

1

On October 30, 2023, Premier Automotive moved for summary judgment maintaining there were no genuine issues of material fact as to Ms. Clark's claims under La R.S. 9:2800.6 – The Merchant Liability Statute. It asserted that Ms. Clark failed to submit sufficient proof to establish that standing water or a hazardous condition caused her fall. Specifically, it argued that Ms. Clark could not establish an unreasonable risk of harm existed within the garage nor demonstrate that the puddle of water was on the garage floor for an extended period. Premier Automotive supported its motion for summary judgment with the deposition of Ms. Clark, an incident report form and the affidavits of two Premier Automotive employees. Ms. Clark did not oppose Premier Automotive's motion for summary judgment.

At the hearing, Premier Automotive maintained that there was no evidence to support Ms. Clark's claim that an unreasonably dangerous condition existed.[2] Premier Automotive also cited to the affidavits of its two employees, one stated that the area where Ms. Clark fell "slants down to an area which is not covered." The other employee stated that "[t]here were no puddles or standing water in the area [where] the incident occurred. The area had no debris and was clear of any obstruction." Premier Automotive concluded that Ms. Clark could not meet her requisite burden of proof under La. R.S. 9:2800.6. At the conclusion of the hearing, the trial court granted Premier Automotive's motion for summary judgment.[3]

Ms. Clark filed a motion for new trial maintaining good grounds existed for a new trial. She contends an oversight by her attorney's staff prohibited her from

_____

[2] Ms. Clark nor her attorney were present at the hearing.

[3] The trial court later reduced a judgment to writing on January 9, 2024.

2

properly replying to Premier Automotive's motion and appearing at the summary judgment hearing. Ms. Clark also asserts that the trial court's granting of the motion for summary judgment was premature because discovery was not complete. After a contradictory hearing, the trial court denied the motion for new trial on March 20, 2024, finding no good cause exist to warrant a new trial. This appeal followed. [4]

## Standard of Review

This Court reviews a trial court's decision to grant or deny a motion for summary judgment *de novo*. *Reddick v. State*, 2021-0197, p. 5 (La.App. 4 Cir. 9/29/21), 328 So.3d 504, 507. We have stated the applicable standard of review as follows:

> Appellate courts review the grant or denial of a motion for summary judgment *de novo*, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. This standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, to determine if they show that no genuine issue as to a material fact exists, and that the mover is entitled to judgment as a matter of law. A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, no need for trial on that issue exists and summary judgment is appropriate. To affirm a summary judgment, we must find reasonable minds would inevitably conclude

---

[4] A denial of a motion for new trial is an interlocutory judgment. *Succession of Hickman*, 2022-0730, p. 6 (La.App. 4 Cir. 3/15/23), 359 So.3d 584, 590 (citations omitted). This Court may consider an interlocutory judgment when it is "part of an unrestricted appeal from a final judgment." *Id*. (citation omitted). When it is clear from an appellant's brief that he intends to appeal the merits of the case, this Court will consider the denial of a motion for new trial as an appeal of the judgment on the merits. *Clotworthy v. Scaglione*, 2011-1733, p. 3 (La.App. 4 Cir. 5/23/12), 95 So.3d 518, 520 (citation omitted). A review of Ms. Clark's brief establishes that she seeks review of both the underlying merits of the motion for summary judgment and the motion for new trial. We therefore will review the trial court's January 9, 2024 and March 20, 2024 judgments.

that the mover is entitled to judgment as a matter of the applicable law on the facts before the court.

*Id.*, 2021-0197, p. 5, 328 So.3d at 507-08 (quoting *Chatelain v. Fluor Daniel Const. Co.,* 2014-1312, p. 3 (La.App. 4 Cir. 11/10/15), 179 So.3d 791, 793).

As to the motion for new trial, "[t]his Court reviews a ruling on a motion for new trial under an abuse of discretion standard of review." *Sunset Harbour, LLC v. Brown*, 2022-0572, p. 9 (La.App. 4 Cir. 1/9/23), 356 So.3d 1167, 1173 (citation omitted).

## **Discussion**

On appeal, Ms. Clark asserts two assignments of error. First, she maintains the trial court legally erred in granting Premier Automotive's motion for summary judgment when genuine issues of material fact exist. Second, Ms. Clark argues that the trial court erred in denying her motion for new trial. Before addressing the assignments of error, we will briefly outline the governing summary judgment principles.

"The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action… . The procedure is favored and shall be construed to accomplish these ends." La. C.C.P. art. 966(A)(2). A motion for summary judgment may be granted if the pleadings, depositions, answers to discovery, admissions on file and affidavits demonstrate that there is no genuine issue of material fact and the mover is entitled to a judgment as a matter of law. *Reddick*, 2021-0197, p. 6, 328 So.3d at 508.

"A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could only reach one conclusion, there is no need for trial on that issue, and summary judgment is appropriate." *Id*. (citation omitted). "A fact is

4

material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute." *Id.* (citations omitted). Whether a fact is material is a determination that must be made based upon the applicable substantive law. *Roadrunner Transp. Sys. v. Brown*, 2017-0040, p. 7 (La.App. 4 Cir. 5/10/17), 219 So.3d 1265, 1270 (citation omitted). La. C.C.P. art 966(D)(1) provides that:

> The burden of proof rests with the mover [on a motion for summary judgment]. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

If the adverse party fails to set forth specific facts demonstrating a genuine issue of material fact, summary judgment shall be rendered against the adverse party if appropriate. La. C.C.P. art. 967(B).

In its memorandum in support of its motion for summary judgment, Premier Automotive maintains that Ms. Clark is unable to satisfy her requisite burden of proof that Premier Automotive is liable under La. R.S. 9:2800.6. Specifically, it contends that Ms. Clark cannot establish that a hazardous condition existed within the garage, that Premier Automotive had notice of the hazardous condition prior to the accident or that the hazard existed for an extended period of time before she fell. Although Ms. Clark did not oppose the motion for summary judgment, nor

appear at the hearing, we nonetheless are required to conduct a *de novo* review, analyzing the law and facts. *See generally Guilbeaux v. Lupo Enterprises, L.L.C.,* 2021-0053, pp. 8-9 (La.App. 4 Cir. 5/19/21), 321 So.3d 447, 454 (finding that this Court and other Louisiana circuit courts have applied La. R.S. 9:2800.6 – The Merchant Liability Statute – to slip and falls in merchant parking lots) (citations omitted). La. RS. 9:2800.6 provides, in pertinent part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

>> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

>> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

>> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

With these principles in mind, we find the pivotal inquiry is whether Premier Automotive established an absence of factual support for one or more elements to Ms. Clark's claim. *See Guilbeaux,* 2021-0053, p. 9, 321 So.3d at 454.

Premier Automotive attached Ms. Clark's deposition in support of its motion for summary judgment pointing out her lack of conclusiveness of the exact cause

of her fall. Ms. Clark testified that she recalled that it rained earlier in the day on the date of the accident. She explained that she was wearing "Jordan slides"/gym slippers and was walking quickly when she fell. Although, she did not observe anything on the ground prior to falling, Ms. Clark described her back as damp after her fall and therefore assumed she fell in a puddle of water. She described the amount of water under her shoes as the size of a "softball."

In further support of its motion for summary judgment, Premier Automotive attached the affidavits of two employees: Terry Blackwood (hereinafter "Mr. Blackwood) – the Service Manager of Premier Automotive and Lillian Scott (hereinafter "Ms. Scott") – an employee of Premier Automotive. The affidavits stated that customers often traverse the service garage area "throughout the day," acknowledged wet conditions on the day of Ms. Clark's accident and denied any prior complaints or accidents in that area prior to Ms. Clark's accident. According to Mr. Blackwood, the area where Ms. Clark fell is a corridor that is kept clean and free of tools, equipment and any obstructions. In his affidavit, Mr. Blackwood explained that the area where Ms. Clark fell slants downwards and concluded that neither puddles nor standing water can form in the area. Ms. Scott's affidavit states that she was present on the day of the accident and assisted Ms. Clark in getting to her feet after the fall. Her affidavit echoes Mr. Blackwood's attestations and explains that Ms. Clark fell in an uncovered area of the garage that slopes downward; thus, there is no possibility for standing water or puddles to collect. Likewise, the incident report, completed by Ms. Clark and attached to the motion for summary judgment, does not mention standing water or puddles in the area. Premier Automotive's motion for summary judgment and attachments support its contention that there is no evidence that standing water or puddles existed. We

7

therefore find Premier Automotive satisfied its initial burden of proof to show there was no unreasonable risk of harm. The burden then shifts to Ms. Clark to establish that there was an unreasonable risk of harm and thus establishing a genuine issue of material fact. La. C.C.P. art. 966 (D)(1).

Although Ms. Clark did not file an opposition in the trial court, in her brief to this Court, she argues that summary judgment is improper because discovery is not yet complete and genuine issues of fact remain. We disagree. Ms. Clark's deposition testimony was that it rained earlier in the day, that she was walking quickly before she fell and that she was wearing "Jordan slides"/gym slippers. She also concedes that there were no objects or debris obstructing her vision, that she "assumed" she fell in water and saw a "softball sized" puddle under her feet afterwards. Ms. Clark's deposition cites only to circumstantial evidence to indicate she believed she fell in a puddle of water. When questioned at her deposition as to the exact location where she fell, Ms. Clark stated that she walked through the garage doors where the cars entered and believed she slipped in water. Conversely, Mr. Blackwood and Ms. Scott's attestations were that there was no water in the area where Ms. Clark fell nor any reports of standing water or puddles prior to the incident.

Our *de novo* review of the record reveals that Ms. Clark's contentions are based upon conclusory allegations and unsupported speculation. Ms. Clark speculates whether a hazardous substance or an unreasonable risk of harm caused her fall. In support of her claims, Ms. Clark can only cite to the possibility of the existence of standing water or puddles. Her speculation that standing water or a puddle existed because of her damp back is insufficient to establish a genuine issue of material fact. "Mere conclusory allegations, improbable inferences and

8

unsupported speculation will not support a finding of genuine issues of material fact." *Moon v. Safeway Ins. Co. of Louisiana*, 2022-0455, p. 15 (La.App. 4 Cir. 12/6/22), 353 So.3d 352, 362 (quoting *Sears v. Home Depot, USA, Inc.*, 2006-0201, p. 12 (La.App. 4 Cir. 10/18/06), 943 So.2d 1219, 1228) (citations omitted). Based on the record before this Court, we find Ms. Clark cannot meet her burden of proof under La. R.S. 9:2800.6. She has not established that an unreasonable risk of harm existed which caused her fall. Having determined that Ms. Clark failed to meet her requisite burden of proof, we pretermit further discussion of the remaining elements of La. R.S. 9:2800.6. Accordingly, the trial court did not err in granting summary judgment.

***Motion for New Trial***

Ms. Clark's motion for new trial contends that good grounds exist for a new trial: (1) because an oversight of her attorney's secretary resulted in the failure to oppose the motion for summary judgment and appear at the summary judgment hearing; and (2) that the granting of Premier Automotive's motion was premature due to outstanding discovery. We disagree.

La. C.C.P. art. 1973 provides that a new trial may be granted if there "is good ground therefor, except as provided by law." A trial court is permitted to use its discretion in ordering a new trial when it is "convinced by [its] examination of the facts that the judgment would result in a miscarriage of justice." *Caceres v. United Auto. Ins. Co.,* 2014-0418, p. 9 (La.App. 4 Cir. 11/5/14), 154 So.3d 584, 589 (quoting *Horton v. Mayeaux*, 2005-1704, pp. 9-10 (La. 5/30/06), 931 So.2d 338, 344) (citation omitted). The record indicates that Premier Automotive submitted answers to Ms. Clark's request for admission, interrogatories and request for production of documents. Moreover, the arguments raised in the motion

9

for new trial do not negate the fact that Ms. Clark failed to timely file an opposition to the motion for summary judgment. *See* La. C.C.P. art. 966 (B)(1) and *Mahe v. LCMC Health Holdings LLC*, 2023-00025, pp. 1-2 (La. 3/14/23), 357 So.3d 322 (finding that the "shall" language within La. C.C.P. art. 966(B) is mandatory and does not allow circumvention of its deadlines). We that find even if an opposition was submitted and/or her attorney appeared at the hearing, it is unlikely that a different outcome would have resulted.

## Conclusion

Accordingly, we find there are no genuine issues of material fact. The trial court considered Premier Automotive's motion for summary judgment and determined that it satisfied its burden of proof and that no genuine issues of material fact existed as to Ms. Clark's claims. Specifically, the trial court determined that Ms. Clark failed to show that an unreasonable risk of harm existed which caused her to fall and could not meet her burden of proof under La. R.S. 9:2800.6. Therefore, we find the trial court did not err in granting Premier Automotive's motion for summary judgment.

The record does not indicate that the granting of a new trial would have yielded different results. *See Caceras*, 2014-0418, p. 12, 154 So.3d at 591 (finding "every timely filed motion for new trial does not warrant the granting of a new trial because not every case involves a miscarriage of justice.") (citation omitted). We therefore find Ms. Clark failed to show that good grounds for a new trial exist. As such, the trial court did not abuse its discretion in denying Ms. Clark's motion for new trial.

**<u>Decree</u>**

Based on the foregoing, the trial court's January 9, 2024 and March 20, 2024 judgments are affirmed.

**AFFIRMED**