CHAISSON, J.
|, Kristina Dillenkoffer, individually and on behalf of her minor children, Andrew Bledsoe, Aaron Dillenkoffer, and Giovanni *281 Rodriguez, appeals a judgment from the trial court that granted a motion for summary judgment filed by Marrero Day Care Center, Inc., dismissing her claims with prejudice. For the following reasons, we reverse the decision of the trial court.
FACTS AND PROCEDURAL HISTORY
This case arises from an accident on February 24, 2014, at the Marrero Day Care Center (“the Center”) located in Marrero, Louisiana. On that day, Ms. Dil-lenkoffer went to the day care center to pick up her minor son, Andrew Bledsoe. As Ms. Dillenkoffer was exiting the front of the building, she fell down the entrance stairway to the building. At the time of the fall, Ms. Dillenkoffer was 32 weeks pregnant, carrying her 18-month-old son Aaron on her right hip and talking on her cellular phone. She suffered injuries including a fractured tibia and fibula. Her son, Aaron, suffered a broken clavicle and a bruised head. There were no witnesses to the incident, but help arrived almost immediately afterwards. Ms. Dillenkoffer and her children were taken to the hospital by ambulance.
On October 6, 2014, Ms. Dillenkoffer filed a petition for damages against the Center wherein she alleged that it is responsible under all applicable Louisiana Code articles for the damage caused by its failure to warn of a dangerous condition, allowing a hazardous and dangerous condition to exist on its premises, and allowing for a defective stairway. Her alleged damages include lost earnings, physical pain, and medical expenses, as well as loss of consortium claims for the children. In its answer to the petition, the Center acknowledged that an accident occurred, but denied the existence of any unreasonably dangerous hazard or condition and affirmatively averred that the sole and proximate cause of the accident was Ms. Dillen-koffer’s own negligence by tripping and falling of her own | ^accord, failing to utilize the provided handrail, and walking and talking on a cellular phone while holding a baby.
Following discovery, a motion for summary judgment was filed by the Center in which it argued that, based on the deposition testimony of Ms. Dillenkoffer and the report of her expert witness that examined the stairway, she could not meet her burden of proof. In particular, the Center argued that Ms. Dillenkoffer could not prove that: (1) the property was defective; (2) a defective condition caused the fall; or (3) the Center knew or should have known of an unreasonably dangerous defective condition. Therefore, the Center argued, it was entitled to summary judgment as a matter of law. In opposition to this motion, Ms. Dillenkoffer argued that there were genuine issues of material fact as to whether the front stairs presented numerous unreasonably dangerous conditions that substantially contributed to and in fact caused her to fall.
After a hearing on the motion, the trial court entered a judgment granting the motion for summary judgment and dismissing Ms. Dillenkoffer’s claims with prejudice. This timely appeal follows.
On appeal, Ms. Dillenkoffer argues that the trial court erred in granting the motion for summary judgment because the expert witness report identifies several defects in the stairway that caused Ms. Dillenkoffer’s fall, thereby creating genuine issues of material fact that preclude granting a motion for summary judgment.
DISCUSSION
In Pouncy v. Winn-Dixie La., Inc., 15-189 (La.App. 5 Cir. 10/28/15), 178 So.3d 603, 605, this Court explained the review of the denial or grant of summary judgments as follows:
*282 , A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action.
Is A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show 'that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. A material fact is one that potentially insures or prevents recovery, affects a litigant’s ultimate success, or determines the outcome of the lawsuit; An issue is genuine if it is such that reasonable persons could disagree; if only one conclusion could be reached by reasonable persons, summary judgment is appropriate as there is no need for trial on that issue.
Under La. C.C.P. art 966, the initial burden is on the mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence- of factual- support for one or more elements essential to the adverse party’s claim, action, or defense. The nonmoving party must then produce factual support to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted.
Appellate courts review a judgment granting or denying a motion for summary judgment de novo, Thus, appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. (Internal citations omitted).
Whether a particular fact is material can be seen only in light of the substantive law applicable to the case. Melerine v. Jefferson Par. Sch. Bd., 16-469 (La.App. 5 Cir. 2/8/17), 210 So.3d 929. Two theories of liability are available in Louisiana to a plaintiff claiming injury caused by a thing’s condition. Bourquard v. Winn Dixie La., Inc., 04-1150 (La.App. 5 Cir. 3/1/05), 900 So.2d 131, 135. The first theory is negligence, under Articles 2315 and 2316 of the Louisiana Civil Code, and the second theory is strict liability under Article 2317 of the Louisiana Civil Code. Id. Under both theories, the plaintiff has the burden of proving that the thing’s condition presented an unreasonable risk of harm, or was defective, and that this condition was a cause-in-fact of the plaintiffs injuries. Id, Both theories employ a duty-risk analysis on a case by case basis. Id. The plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, that the 14defendant owed a duty of care to the plaintiff, that the requisite duty was breached by the defendant, and that the risk of the harm was within the scope of the protection afforded by the duty breached. Id.
In support of its motion for summary judgment, the Center argued that Ms. Dil-lenkoffer could not meet her evidentiary burden of proving what caused her to fall because during her deposition testimony, she testified that.she was unable to recall exactly what caused her to fall. In response, Ms. Dillenkoffer does not dispute that she is unable to. state exactly what caused her to fall. She contends, however, that trip-and-fall victims are often unaware *283 of the exact mechanics of their falls, and that expert reports can provide sufficient support to establish the existence of a genuine issue of material fact.
In support of her opposition to the motion for summary judgment, Ms. Dillen-koffer introduced a fourteen-page expert report of Mitchell A. Wood, a licensed architect and engineer, that includes photographs of the stairway, notes from a site visit, as well as references to various safety codes and violations thereof. The Center argues that although Mr. Wood identifies various alleged defects in the stairway that potentially caused Ms. Dillenkoffer to fall, he never expressly states an opinion that any of those alleged defects actually caused her to fall. The Center contends that, in the absence of an opinion as to causation, Mr. Wood’s report is- not sufficient to create a genuine issue of material fact as to causation, where Ms. Dillenkof-fer herself is unable to offer any explanation as to the cause of her fall.
Upon a careful reading of Mr. Wood’s report, we disagree with the Center’s assessment regarding the issue of causation. In his report, Mr. Wood makes the following statements: “[m]y opinion is related to causes and elements involved with plaintiff Kristina Dillenkoffer’s fall,” .,. “[o]ur initial judgment of the cause of Ms. Dillen-koffer’s accident appears quite simple,” and “[i]n this report, my | ^opinion as to the cause of the plaintiffs accident is primarily focused on [safety and building code guidelines and violations].” By use of these phrases, it appears that Mr. Wood included in his report an opinion as to the cause of Ms. Dillenkoffer’s fall, and that his opinion as to the cause of her fall was the alleged defects in the stairway as identified in his report. While we recognize that Mr. Wood’s report could benefit from the use of more precise language, we nonetheless conclude that it offers an opinion as to causation sufficient to create a genuine issue of material fact, such that summary judgment was not appropriate in this matter.
Further, even if we were to’ conclude that Mr. Wood’s report does not contain a sufficiently clear opinion as to which specific alleged defect (or which combination of defects that he identifies), caused Ms. Dillenkoffer to initially trip, we would nonetheless reverse the grant of summary judgment in this matter. Mr. Wood’s report identifies the lack of a handrail on the left side of the stairs as a defect in the stairway. While the lack of a handrail on the left side is not relevant to the issue of what caused Ms. Dillenkoffer to initially trip, it is relevant to the issue of whether this alleged defect prevented her from .recovering from, the'initial trip. In her deposition, Ms. Dillenkoffer clearly testified that “I’m trying to prevent myself from falling,” ... “I knew there was nothing on this side [referring to the left side],” and “I knew I was trying to find something to grab.” Although the Center speculates that a handrail on the left side would have made no difference because Ms. Dillenkoffer may have had her cellular phone in her left hand', Ms. Dillenkoffer clearly testified that after her. initial trip, she dropped her cellular phone in order to‘ prevent herself from falling. Therefore, we find that Mr, Wood’s identification of the lack, of a left handrail as a defect, combined with Ms. Dillenkoffer’s testimony regarding her attempt to recover after .her initial trip, is evidence sufficient to raise a genuine issue of material fact as to whether this | ^alleged defect contributed to Ms. Dillenkoffer’s and her son’s injuries,'even though it was not what caused her to initially trip.
Upon our de novo review, we conclude that genuine issues of material fact remain regarding the issue of causation, and that *284 summary judgment was therefore not appropriate in this matter. We therefore reverse the trial court’s grant of summary judgment and remand this matter for further proceedings consistent with this opinion.
REVERSED AND REMANDED