ROBERT A. CHAISSON, JUDGE
In this case arising out of workplace drug testing, Psychemedics Corporation seeks this Court's supervisory review of a January 10, 2018 trial court judgment denying its motion for summary judgment. For the following reasons, we grant Psychemedics' writ application, reverse the trial court ruling, grant summary judgment, and dismiss this matter as to Psychemedics with prejudice.
FACTS AND PROCEDURAL HISTORY
Mr. Anthony Russo, a communications technician who services offshore oil platforms and installations, filed a petition for damages on January 20, 2016 against International Drug Detection, LLC ("IDD") and Psychemedics, wherein he alleged that on or about July 7, 2015, he and approximately 200 other individuals, prior to transportation to an offshore oil platform, underwent sample hair collection at a temporary collection station set up at a heliport for the purposes of drug testing. The temporary collection station was set up by IDD personnel who proceeded to collect *1102 samples for breathalyzer alcohol testing, oral fluid drug testing, and hair drug testing. These samples were then sent to laboratories operated by Psychemedics for testing. On July 18, 2015, Mr. Russo was informed that the hair sample collected by IDD and tested by Psychemedics tested positive for marijuana usage. Mr. Russo was immediately removed from the oil platform and banned for life from all work at the facilities of the owner of the oil platform. In his petition, Mr. Russo alleges that IDD and Psychemedics breached a duty of care to him under La. C.C. arts. 2315 and 2316 in negligently reporting that he had a positive drug test result.
Specifically, with regard to Psychemedics, Mr. Russo alleged that the company was negligent for failing to ensure that it only tested and reported on samples taken from individuals using accepted methods to prevent cross-contamination, failing to prevent cross-contamination in its own testing facilities, and/or reporting test results with known or substantially certain catastrophic results on Mr. Russo's career and income without seeking a second sample and performing confirmatory testing. Mr. Russo also alleged that Psychemedics was negligent in failing to inform all recipients of the drug test results on his July 7, 2015 hair sample that subsequent drug test results on hair samples collected from him on July 20, 2015 came back negative for marijuana usage. Mr. Russo seeks recovery of damages for injuries he suffered as a result, including emotional distress, past, present, and future lost income, limitation of present and future employment opportunities, and injury to his reputation.
IDD and Psychemedics both filed motions for summary judgment seeking to have all of Mr. Russo's claims against them dismissed with prejudice. Psychemedics argued that Mr. Russo could not provide evidence in support of his claims that it was negligent in the handling or testing of the hair sample or negligent in the reporting of the test results. In opposition to this motion for summary judgment, Mr. Russo argued that Psychemedics failed to meet the standard of care, which is SAMHSA certification.[1] The trial court denied both IDD's and Psychemedics' motions for summary judgment, finding that there existed genuine issues of material fact concerning the collection procedures and methodology utilized in the matter, as well as whether or not any duty owed to Mr. Russo was breached in testing the hair sample and timely reporting the results. Psychemedics filed a writ application for supervisory review by this Court. Pursuant to the recently enacted requirement of La. C.C.P. art. 966(H), we assigned the case for briefing by the parties and heard oral arguments.[2]
DISCUSSION
A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The burden of proof rests with the mover. La. C.C.P. art. 966(D). However, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not *1103 require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. Id. ; Dillenkofer v. Marrero Day Care Ctr., Inc. , 16-713 (La. App. 5 Cir. 5/24/17), 221 So.3d 279, 282.
To state a claim for negligence under Louisiana law, Mr. Russo bears the burden of proving the following elements by a preponderance of the evidence: (1) Psychemedics had a duty to conform its conduct to a specific standard; (2) Psychemedics breached that duty; (3) Pyschemedics' substandard conduct was the cause-in-fact of Mr. Russo's injuries; (4) Psychemedics' substandard conduct was a legal cause of Mr. Russo's injuries; and (5) actual damages to Mr. Russo. See Stead v. Swanner , 12-727 (La. App. 5 Cir. 5/16/13), 119 So.3d 110, 117.
In support of its motion for summary judgment, Psychemedics offered an affidavit of Dr. Thomas Cairns, a document custodian and senior scientific advisor for Psychemedics at its drug testing laboratory, who testified as to Psychemedics' FDA-approved testing procedures and methodology and that the chain of custody for Mr. Russo's sample was not compromised. Dr. Cairns also testified that Psychemedics' laboratory, which has the largest and oldest hair-testing program of any laboratory in North America, is licensed or certified to perform forensic toxicology drug testing by the U.S. Department of Health and Human Services, Centers for Medicare and Medicaid Services, Clinical Laboratory Improvement Amendments, and the College of American Pathologists, in addition to various other certifications and licensures. Psychemedics also offered the affidavit and expert report of Dr. Carl Selavka, a forensic scientist who testified that Psychemedics' hair testing conducted on samples collected from Mr. Russo provided evidence of multiple uses of marijuana during an extended period from late April 2015 to the end of June 2015, which was not scientifically refuted by oral fluid or urine drug tests also undertaken in the matter. Dr. Selavka's independent review of the hair test methodology and the integrity documentation demonstrated that the positive marijuana result reported for the sample provided by Mr. Russo was valid according to a test that meets or exceeds all industry standards.
In opposition, Mr. Russo argued that Psychemedics breached its duty of care to him because Psychemedics failed to have its hair testing process appropriately certified by SAMHSA or the College of American Pathologists as required under La. R.S. 49:1002 of the Louisiana Drug Testing Statute. In support of his opposition, Mr. Russo provided an affidavit of Dr. Patricia Williams, a toxicologist, who opined, essentially, that testing hair samples for drug use produces inconsistent analysis and results, and that the methodology utilized by Psychemedics could not rule out passive exposure to marijuana.
Mr. Russo argued that the following provision of the Louisiana Drug Testing Statute requires his hair sample to have been tested at a SAMHSA-certified lab:
J. This Chapter does not preclude an employer or an employer's agent from utilizing a USFDA-cleared specimen testing method that uses a sample as defined in R.S. 49:1001 provided that such sample is processed in a laboratory with a SAMHSA, CAP-FUDT, or CAP-FDT certification using generally accepted cutoff levels as established by *1104 the USFDA for the type of sample tested, or by SAMHSA at such time when SAMHSA implements a final rule to regulate the type of sample test. Any sample collected shall be subject to USFDA-cleared immunoassay screening and confirmation testing at a SAMHSA-certified, CAP-FUDT-certified, or CAP-FDT-certified laboratory. Such samples that test positive shall be preserved by the laboratory and available for challenge testing at the request of the donor. No sample shall be used to collect or analyze DNA.
La. R.S. 49:1002(J).
Upon de novo review, we do not agree that this statutory provision requires hair samples like those collected from Mr. Russo to be processed at SAMHSA-certified facilities. In fact, according to Mr. Russo's own expert witness, Dr. Williams, SAMHSA only certifies facilities for urine testing for drugs, not hair testing for drugs.
Additionally, we find that Mr. Russo is expressly precluded from relying on the Louisiana Drug Testing Statute, which states in La. R.S. 49:1002(H) :
This Chapter shall not apply to any person, firm, or corporation engaged or employed in the exploration, drilling, or production of oil or gas in Louisiana or its territorial waters. The initial cut-off level for marijuana testing of fifty nanograms per milliliter as provided in R.S. 49:1005(B) may be reduced or modified by any person, firm, or corporation engaged in construction, maintenance, or manufacturing at any refining or chemical manufacturing facility.
There is no dispute that Mr. Russo was engaged in and employed by a firm involved in the production of oil and gas in Louisiana and its territorial waters, and therefore his arguments relying on the inapplicable Louisiana Drug Testing Statute are without merit.
Mr. Russo also alleged that the positive test results were caused by cross-contamination by Psychemedics in its handling of his sample. In the aforementioned affidavit provided by Psychemedics, Dr. Cairns testified that the chain of custody in the handling of Mr. Russo's sample was unbroken and that there was no cross-contamination of his sample with any others at the Psychemedics' laboratory. Mr. Russo has presented no evidence, either in his own testimony or that of his expert witness, to support his claim that Psychemedics acted negligently in the handling of his sample. Additionally, Mr. Russo has presented no evidence to show that Psychemedics was negligent in the actual testing procedure conducted on his hair sample.
Finally, we note that Mr. Russo's original petition alleged that Psychemedics was negligent in failing to timely report its test results, although this claim against Psychemedics is not mentioned in the opposition to the current writ application. At the hearing on the motion for summary judgment, Psychemedics introduced a copy of the Hair Analysis Drug Test Results indicating that the provided hair sample was tested and reported back to IDD within 48 hours of Psychemedics' receipt of the sample. Mr. Russo introduced no evidence to dispute this assertion.
CONCLUSION
Upon our de novo review of the writ application before us, we find that Psychemedics has met its burden in showing that there are no genuine issues of material fact and it is entitled to judgment as a matter of law on the claims of negligence brought by Mr. Russo. Accordingly, we grant this writ application, reverse the trial court's denial of the summary judgment, grant summary judgment, and dismiss Mr. *1105 Russo's claim as to Psychemedics with prejudice.
WRIT GRANTED; JUDGMENT REVERSED; SUMMARY JUDGMENT GRANTED AND CASE DISMISSED AS TO PSYCHEMEDICS

The Substance Abuse and Mental Health Services Administration (SAMHSA) is a government agency within the U.S. Department of Health and Human Services responsible for oversight of HHS-certified laboratories operating under the mandatory guidelines for federal workplace drug testing programs.

IDD also sought review of this judgment by filing a supervisory writ, which this Court denied upon finding, like the trial court, that there exists genuine issues of material fact regarding IDD's collection of the hair sample from Mr. Russo.