CHAISSON, J.
In this medical malpractice suit, Ochsner Clinic Foundation seeks supervisory review of a May 3, 2018 judgment of the trial court denying its motion for summary judgment. For the following reasons, we grant Ochsner's writ application, reverse the trial court ruling, grant summary judgment and dismiss this matter with prejudice.
FACTS AND PROCEDURAL HISTORY
Delores Tate and her husband, Elvorn Tate, filed a petition for damages on February 19, 2010, against Ochsner Clinic Foundation ("Ochsner") in which they alleged that Ochsner staff negligently placed an IV in Mrs. Tate's left hand, thereby causing her injuries.[1] The Tates also alleged that because the staff failed to adequately disclose to Mrs. Tate the risks associated with the procedure, Ochsner failed to obtain her informed consent to the procedure.
On March 6, 2018, more than eight years after commencement of this litigation, Ochsner filed a motion for summary judgment seeking to have all of the Tates' claims against it dismissed with prejudice. Ochsner argued that because the Tates had not identified any medical expert to testify as to their medical malpractice claim or failure to obtain informed consent claim, they would be unable to sustain their burden of proof on their claims. In support of its motion for summary judgment, Ochsner introduced the opinion of the medical review panel that had previously considered the Tates' claims regarding medical malpractice and found no breach of the applicable standard of care. The Tates submitted an untimely opposition to the motion for summary judgment in which they acknowledged that they did not have expert testimony but argued that expert testimony is not necessary with respect to some of their claims.[2] The Tates *1164 did not introduce any evidence in opposition to Ochsner's motion for summary judgment.
After a hearing on the motion for summary judgment, the trial court found that expert testimony was not required to prove the Tates' claims and therefore denied the motion for summary judgment. Ochsner filed a writ application for supervisory review of that judgment by this Court. Pursuant to the recently enacted requirements of La. C.C.P. art. 966(H), we assigned the case for briefing by the parties and heard oral arguments.
DISCUSSION
A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The burden of proof rests with the mover. La. C.C.P. art. 966(D). However, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Id. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. Id. ; Dillenkofer v. Marrero Day Care Ctr., Inc. , 16-713 (La. App. 5 Cir. 5/24/17), 221 So.3d 279, 282.
In a medical malpractice claim, the plaintiff bears the burden of proving "... the degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians ..." that are "... actively practicing in a similar community or locale and under similar circumstances." La. R.S. 9:2794(A)(1). The plaintiff must also establish that "... defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill." La. R.S. 9:2794(A)(2).
Because of the complex medical and factual issues involved, a plaintiff will likely fail to sustain his burden of proving his claim under La. R.S. 9:2794's requirements without medical experts. Pfiffner v. Correa, M.D. , 94-0924 (La. 10/17/94), 643 So.2d 1228. Only in cases of obvious negligence, where the trier of fact does not need an expert to assess the standard of care, breach, and causation, is expert testimony unnecessary. Hastings v. Baton Rouge General Hosp. , 498 So.2d 713, 721 (La. 1986).
In an informed consent case, the plaintiff has the burden of proving (1) the existence of a material risk which the physician must disclose; (2) the failure of the physician to inform the patient of a material risk; (3) the realization of the material risk; and (4) a causal connection between the failure to inform the patient of the risk and the realization of the risk. Suarez v. Mando , 10-853 (La. App. 5 Cir. 3/29/10), 62 So.3d 131, 135. In proving these elements, expert testimony is required to (1) establish the materiality of a risk and (2) establish the likelihood of this risk occurring. Id. , 62 So.3d at 135.
*1165 In their petition for damages, the Tates make vague and conclusory allegations that Ochsner was negligent in placing the IV in Mrs. Tate's hand, was negligent in its monitoring of Mrs. Tate after placement of the IV, was negligent in failing to follow its own policies and procedures, and failed to obtain Mrs. Tate's informed consent to the placement of the IV. In the petition itself, the Tates do not allege how any of these acts were performed in such a manner that the acts would be obviously negligent to a lay person.
In support of its motion for summary judgment, Ochsner introduced the opinion of the medical review panel finding that Ochsner had not breached the applicable standard of care. In opposition, the Tates introduced no counter-veiling evidence, but instead merely argued that expert medical testimony was unnecessary, stating at the hearing:
In the present matter, plaintiff alleges that defendant's staff caused injury to Delories Tate plaintiff by negligent placement of an IV in Delories Tate's left hand. Plaintiff submits that these alleged acts of negligence are obvious enough to eliminate the necessity of expert testimony.
Plaintiff specifically alleges in his Petition for Damages that defendant failed to communicate adequately, failed to adequately disclose the risks associated with the medical procedures performed, failed to adequately observe Delories Tate, failed to provide adequate staff, failed to supervise its staff, and failed to follow proper policies and procedures.
Similar to the complete lack of any specificity found in their petition, the Tates failed to provide any explanation, either through evidence or through argument, as to how any of these alleged acts of negligence were performed in such a manner that the acts would be obviously negligent to a lay person. Furthermore, the Tates introduced no evidence, and provided no explanation otherwise, as to the applicable standards for placing an IV, monitoring an IV, or providing sufficient staffing in the hospital setting, or how this information would be within the knowledge of a lay person. Similarly, the Tates introduced no evidence, and provided no explanation otherwise, as to what the known material risks associated with the procedure were, or how this information would be within the knowledge of a lay person.
We conclude that the allegations of the Tates in their petition, both as to their medical malpractice claim and their informed consent claim, require expert medical testimony to establish the standard of care, whether there was a breach of the standard of care, and whether informed consent was properly obtained from Mrs. Tate. Because the Tates, after eight years of pending litigation, have had an adequate opportunity to conduct discovery and yet have failed to identify an expert to testify on their behalf regarding these matters, we find that Ochsner is entitled to summary judgment in this matter.
CONCLUSION
Upon our de novo review of the writ application before us, we find that Ochsner has met its burden to show that there are no genuine issues of material fact and it is entitled to judgment as a matter of law on the Tates' claims. Accordingly, we grant this writ application, reverse the trial court's denial of the summary judgment motion, grant summary judgment in favor of Ochsner and dismiss the Tates' suit with prejudice.
WRIT GRANTED; JUDGMENT REVERSED; SUMMARY JUDGMENT
*1166 GRANTED AND CASE DISMISSED WITH PREJUDICE

The Tates' claim was first submitted to a medical review panel in accordance with La. R.S. 49:1299.41, et seq. , which found that Ochsner did not breach the applicable standard of care. Effective August 1, 2015, the Louisiana Medical Malpractice Act, previously La. R.S. 40:1299.41, et seq. , was re-designated as La. R.S. 40:1231.1, et seq .

The Tates also filed a motion to continue the hearing on the motion for summary judgment, arguing that it was premature because no trial date had been set, there was outstanding discovery, and they had not been given an adequate opportunity to conduct discovery. At the hearing, counsel for the Tates, arguing that a medical expert is not required for this case, stated that he was not asking the trial court for additional time within which to obtain an expert; however, in the event the trial court determined that a medical expert was required, he argued that the motion for summary judgment was premature because there was no trial date and an expert witness deadline had not been established.