ROBERT T. ZIBILICH

VERSUS

LEON G. SHINGLEDECKER, DPM

NO. 24-C-443

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 840-912, DIVISION "O"
HONORABLE DANYELLE M. TAYLOR, JUDGE PRESIDING

January 29, 2025

**SCOTT U. SCHLEGEL**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
John J. Molaison, Jr., and Scott U. Schlegel

<u>**WRIT GRANTED; JUDGMENT REVERSED;**</u>
<u>**SUMMARY JUDGMENT GRANTED AND**</u>
<u>**CASE DISMISSED WITH PREJUDICE**</u>
   **SUS**
   **JGG**
   **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Waquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
ROBERT ZIBILICH
    Franklin D. Beahm

COUNSEL FOR DEFENDANT/RELATOR,
LEON G. SHINGLEDECKER, DPM
    Shelly S. Howat

**SCHLEGEL, J.**

In this medical malpractice suit, defendant, Leon D. Shingledecker, DPM, seeks supervisory review of the August 22, 2024 judgment of the trial court denying his motion for summary judgment filed against plaintiff, Robert T. Zibilich. For the following reasons, we grant Dr. Shingledecker's writ application, reverse the trial court's ruling, grant summary judgment, and dismiss this matter with prejudice.

*Facts and Procedural History*

Mr. Zibilich's claims arise from alleged medical malpractice by Dr. Shingledecker relating to the failure to recognize, diagnose and treat osteomyelitis in plaintiff's right foot in the months following a bunion surgery he performed on July 24, 2020. Mr. Zibilich filed a request to form a medical review panel with the Louisiana Patient's Compensation Fund ("PCF") on July 26, 2021. The medical review panel was composed of three expert podiatrists, who unanimously opined on February 9, 2023 that the evidence did not support a conclusion that Dr. Shingledecker failed to comply with the applicable standard of care.

Mr. Zibilich subsequently filed a petition naming Dr. Shingledecker as defendant on May 19, 2023, asserting the same allegations of malpractice as set forth before the PCF. Defendant filed an exception of no cause of action on the basis that Mr. Zibilich failed to plead facts sufficient to state a claim for "gross negligence" or "willful misconduct," the heightened standard set forth in the Louisiana Health Emergency Powers Act ("LHEPA"), La. R.S. 29:771, which is applicable during a declared state of public health emergency.

On July 20, 2023, Mr. Zibilich was granted leave to file an amended petition, asserting that Dr. Shingledecker committed gross negligence and willful misconduct, that the care he provided fell below the acceptable standard of care for

podiatrists, and that the LHEPA is unconstitutional to the extent it applies to the instant case. The exception of no cause of action was continued without date.

Dr. Shingledecker also filed a motion for summary judgment on June 11, 2024, asserting that the opinions of plaintiff's expert, Dr. Robert J. Kadish, DPM, were insufficient as a matter of law to meet plaintiff's burden of proof and establish gross negligence or willful misconduct on the part of Dr. Shingledecker.

On August 12, 2024, the trial court heard and denied Dr. Shingledecker's motion for summary judgment. The court signed the judgment on August 22, 2024. Dr. Shingledecker filed a timely notice of intent to seek review and filed a writ application for supervisory review of the trial court's judgment. In order to properly consider this writ application, we assigned the case for briefing by the parties and heard oral arguments in accordance with La. C.C.P. art. 966(H).[1]

*Law and Analysis*

1. *Standard*

Dr. Shingledecker argues he is entitled to summary judgment because Mr. Zibilich has failed to provide adequate expert evidence to support his claim of medical malpractice against defendant under the heightened standard of care set forth in the LHEPA.

A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The burden of proof rests with the mover. La. C.C.P. art. 966(D)(1). However, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the

---

[1] Mr. Zibilich did not file an opposition to Dr. Shingledecker's writ application, so we have reviewed his opposition filed in the trial court to the motion for summary judgment to determine his arguments.

adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. *Id.* The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.*; *Tate v. Ochsner Clinic Found.*, 18-305 (La. App. 5 Cir. 6/28/18), 251 So.3d 1162, 1164.

2. *Burden of Proof in a Medical Malpractice Action*

a. *La. R.S. 9:2794(A)*

A plaintiff in a medical malpractice action must prove by a preponderance of the evidence: (1) the standard of care applicable to the defendant; (2) that the defendant breached that standard of care; and (3) that there was a causal connection between the breach and the resulting injury. La. R.S. 9:2794; *Ackels v. Buhler*, 23-490 (La. App. 5 Cir. 5/29/24), 390 So.3d 456, 461, *writ denied*, 24-872 (La. 10/23/24), 395 So.3d 251.

b. *The LHEPA*

In 2003, the legislature enacted the LHEPA, La. R.S. 29:760, *et seq.* The purpose of the LHEPA is to protect the health and safety of the citizens of Louisiana by allowing the state to have "the ability to respond, rapidly and effectively, to potential or actual public health emergencies." La. R.S. 29:761(A). The LHEPA includes La. R.S. 29:771(B)(2)(c)(i), which provides:

> During a state of public health emergency, no health care provider shall be civilly liable for causing the death of, or injury to, any person or damage to any property except in the event of gross negligence or willful misconduct.

On March 11, 2020, Governor Edwards, in Proclamation Number 25 JBE 2020, declared that a public healthcare emergency existed in the State of Louisiana because of COVID-19 pursuant to the Louisiana Health Emergency Powers Act.

The COVID public health emergency order was renewed multiple times and extended through March 16, 2022.

The burden of proof set forth in La. R.S. 29:771 relative to medical malpractice during a declared state of medical emergency prevails over the more general medical malpractice statutes. *Lejeune v. Steck*, 13-1017 (La. App. 5 Cir. 5/21/14), 138 So.3d 1280, 1284, *writ denied sub nom. Daigle v. Steck*, 14-1408 (La. 10/3/14), 149 So.3d 800. Consequently, in order to prevail in this medical malpractice action, Mr. Zibilich was required to present evidence proving that Dr. Shingledecker was grossly negligent or that he committed willful misconduct pursuant to La. R.S. 29:771(B)(2)(c)(i) of the LHEPA.

Gross negligence is defined as:

> ... the 'want of even slight care and diligence' and the 'want of that diligence which even careless men are accustomed to exercise.' Gross negligence has also been termed the 'entire absence of care' and the 'utter disregard of the of (sic) prudence, amounting to complete neglect of the rights of others.' Additionally, gross negligence has been described as an 'extreme departure from ordinary care or the want of even scant care.' 'There is often no clear distinction between such [willful, wanton, or reckless] conduct and 'gross' negligence, and the two have tended to merge and take on the same meaning.' (Citations omitted.)

*Id.*, *citing Rabalais v. Nash*, 06-999 (La. 3/9/07), 952 So.2d 653, 658.

c. *Expert testimony*

Because of the complex medical and factual issues involved, a plaintiff will likely fail to sustain the burden of proving his claim under La. R.S. 9:2794 without medical expert testimony. *Pfiffner v. Correa*, 94-0924 (La. 10/17/94), 643 So.2d 1228, 1234; *Burton v. Aspen Am. Ins. Co.*, 23-380 (La. App. 5 Cir. 3/27/24), 384 So.3d 1130, 1135-36. Only in cases of obvious negligence, where the trier of fact does not need an expert to assess the standard of care, breach, and causation, is expert testimony unnecessary. *Burton*, 384 So3d at 1136.

3. *The Pending Motion for Summary Judgment*

The alleged malpractice in this case, which is related to the bunion surgery that Dr. Shingledecker performed on July 24, 2020, occurred during the time of the declared public healthcare emergency. Despite this recognition, Mr. Zibilich argued that the LHEPA is not applicable because Dr. Shingledecker failed to show any nexus between the COVID-19 emergency declaration and the medical care he provided to Mr. Zibilich. We disagree that such a nexus is required.

As discussed above, La. R.S. 29:771(B)(2)(c)(i) provides that during a state of public health emergency, "no health care provider shall be civilly liable for causing the death of, or injury to, any person or damage to any property except in the event of gross negligence or willful misconduct." *See Welch v. United Med. Healthwest-New Orleans, L.L.C.,*[2] 24-65 (La. App. 5 Cir. 6/13/24), 391 So.3d 123, 128, *writ granted*, 24-899 (La. 11/14/24), 395 So.3d 1164. Thus, the heightened burden of proof under the LHEPA applies to "all" health care providers during a declared state of emergency. *Id.*

With respect to the burden of proof, Dr. Shingledecker attached the opinion and reasons from the medical review panel that the evidence did not support a conclusion that Dr. Shingledecker failed to comply with the applicable standard of care. The opinion of the medical review panel is admissible expert medical evidence that may be used to support or oppose any subsequent medical malpractice suit. *Aldridge v. Greenbrier Hosp., L.L.C.*, 23-526 (La. App. 1 Cir. 3/13/24), 385 So.3d 712, 721, *writ denied*, 24-480 (La. 9/17/24), 392 So.3d 633, and *writ denied*, 24-484 (La. 9/17/24), 392 So.3d 634, and *writ denied*, 24-492 (La. 9/17/24), 392 So.3d 635. In the context of a motion for summary judgment, such evidence may suffice to constitute a *prima facie* case that no issues of material fact

_____

[2] In *Welch v. United Med. Healthwest-New Orleans, L.L.C.*, 391 So.3d 123, this Court held that the trial court properly denied the plaintiff's motion to declare La. R.S. 29:771(B)(2)(c)(i) unconstitutional. The Louisiana Supreme Court granted writs on November 14, 2024.

exist. *Id.* at 721-22. Once the medical care provider has made a *prima facie* showing that the motion should be granted, then the burden shifts to the plaintiff to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.* at 722; La. C.C.P. art. 966(D)(1).

In opposition to the motion for summary judgment, Mr. Zibilich argues that the LHEPA does not apply, and even if it did, that the evidence he attached, i.e. the affidavit of his expert, Robert J. Kadish, DPM, a board-certified podiatrist, creates a genuine issue of material fact. Dr. Kadish's affidavit states in part:

> Affiant's medical opinion is more probable than not that the podiatric care and treatment rendered to Robert Zibilich by Dr. Leon Shingledecker was grossly negligent and considered willful misconduct well below the requisite standard of podiatry care.

When questioned during his deposition, Dr. Kadish stated:

> Q. That's what I need to know. It's fine. Did somebody send you a draft of [the affidavit] to you for review and revision?
> A. Yes.
> Q. Okay. Fine. Who asked you to review this affidavit, revise it and then execute it?
> A. Mr. Beahm's office.
> ***
> Q. Can you tell me what willful misconduct means to you?
> A. To see signs and symptoms of a problem and ignore them and not follow through with them.
> Q. What about gross negligence?
> A. I mean now you're getting into legal terms. I don't know the exact definition. I mean I would imagine like doing something that you don't know how to do, doing it wrong and causing damage to the patient I guess? I contaminate into your surgical site but I didn't see that in the op report.
> Q. Okay.
> A. And that would be the standard of care. You can ask anybody. That's like textbook.
> Q. And that would be just a normal breach of the standard of care potentially?
> A. Potentially.
> Q. But not a gross negligence issue?
> A. Again, you're getting technical. I'm not sure that I know what gross negligence versus -- you know, I'm not an attorney.

Based upon our review of the affidavit and deposition testimony of Dr. Kadish, though, we find that Dr. Kadish's opinion falls woefully short and is

insufficient as a matter of law to meet plaintiff's burden of establishing gross negligence or willful misconduct on the part of Dr. Shingledecker. It is apparent that Dr. Kadish did not draft the affidavit and did not know the meanings of "gross negligence" or "willful misconduct." Further, a mere conclusory statement adopted by plaintiff's expert does not create a genuine issue of material fact. *Shortridge v. W. Calcasieu Cameron Hosp.*, 23-562 (La. App. 3 Cir. 3/20/24), 2024 WL 1184575 at *4, *writ denied*, 24-719 (La. 10/1/24), 393 So.3d 869, *citing Kinch v. Our Lady of Lourdes Regional Medical Center*, 15-603 (La. App. 3 Cir. 12/9/15), 181 So.3d 900.

*Conclusion*

Thus, upon our *de novo* review of the writ application before us, we find that Dr. Shingledecker has met his burden to show that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. Accordingly, we grant this writ application, reverse the trial court's denial of the summary judgment motion, grant summary judgment in favor of Dr. Shingledecker, and dismiss Mr. Zibilich's suit with prejudice.

**WRIT GRANTED; JUDGMENT REVERSED; SUMMARY JUDGMENT GRANTED AND CASE DISMISSED WITH PREJUDICE**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JANUARY 29, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-C-443**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DANYELLE M. TAYLOR (DISTRICT JUDGE)
FRANKLIN D. BEAHM (RESPONDENT)          SHELLY S. HOWAT (RELATOR)

**MAILED**